IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS
CIVIL DIVISION

CHRISTIE MCHONE and
ORANDE ANDERSON                                                    PLAINTIFFS

V.                              NO. CV-2011-_____

DIAMOND S. EXPRESS INC,
M. C. MAUNEY, Individually and in His
Capacity As Sole Shareholder, Officer and
Director of DIAMOND S. EXPRESS INC,
THOMAS A. YOUNG, as Special
Administrator For The Estate of
Jessie D. Whirley, Deceased, and JOHN DOE 1,
JOHN DOE 2, and JOHN DOE 3                                         DEFENDANTS

## COMPLAINT

COME NOW the Plaintiffs, Christie McHone and Orande Anderson, by and through

their attorneys, Parker Hurst & Burnett PLC, and for their Complaint against the Defendants,

state:

1.      At all times relevant to this action, Christie McHone ("McHone") was a

resident of Davidson County, Tennessee.

2.      At all times relevant to this action, Orande Anderson ("Anderson") was a

resident of Davidson County, Tennessee.

3.      At all times relevant to this action, Diamond S. Express Inc ("Diamond") was

a corporation organized and existing under the laws of the State of Mississippi with its

primary place of business in Corinth, Alcorn County, Mississippi. Diamond may be served

through its registered agent, Kellie Holder.  Upon information and belief, Diamond's

corporate charter was revoked and Diamond was administratively dissolved by the

Mississippi Secretary of State on or about February 24, 2011.

4.      At all times relevant to this action, M.C. Mauney ("Mauney") was a resident of Corinth, Alcorn County, Mississippi. Mauney was the sole shareholder, officer and director of Diamond when the accident giving rise to this action occurred, and was also the sole shareholder, officer and director of Diamond when it was dissolved.

5.      At all times relevant to this action, Jessie D. Whirley ("Whirley") was a resident of Burnsville, Tishomingo County, Mississippi. Whirley is now deceased having died on or about December 19, 2008. Thomas A. Young has been duly appointed as the special administrator for the estate of Jessie D. Whirley, Deceased, by order entered on December 1, 2011, in the Circuit Court of Crittenden County, Arkansas, Probate Division, styled *In the Matter of the Estate of Jessie D. Whirley, Deceased,* Case no. PR-2011-274 ("the Whirley Estate").   A true and correct copy of the Order Appointing Special Administrator is attached hereto and incorporated herein as Exhibit "A." Thomas A. Young is an individual resident of Marion, Crittenden County, Arkansas.

6.      John Doe 1, John Doe 2, and John Doe 3 are tortfeasors responsible for the injuries and damages described hereafter.  Despite diligent effort, the whereabouts and identity of the John Doe defendants remain unknown. Pursuant to Arkansas Code Annotated § 16-56-125, as well as the Affidavit of counsel filed contemporaneously with this complaint, plaintiffs shall amend this pleading if and when the identity of the John Doe defendants is determined, and substitute parties using the real name instead of the pseudo-name.

2

7.     This is a personal injury action and the Court has jurisdiction over the defendants pursuant to Arkansas Code Annotated § 16-4-101.

8.     This Court has subject matter jurisdiction pursuant to Arkansas Code Annotated § 16-13-201, and the cause of action accrued within the last three (3) years.

9.     The below described accident occurred in Crittenden County, Arkansas, resulting in a claim for personal injury. Therefore, venue is proper in the Circuit Court of Crittenden County, Arkansas, pursuant to Arkansas Code Annotated § 16-60-112, or § 16-60-113.

## GENERAL ALLEGATIONS

10.    Plaintiffs reassert each and every allegation contained in paragraphs 1-9 as though stated verbatim.

11.    At all times immediately before, during, and after the accident in question, McHone was operating her motor vehicle in a reasonable and safe manner and in compliance with all applicable rules of the road.

12.    On the evening of December 15, 2008, at approximately 10:00 p.m., McHone was operating her motor vehicle in a safe and prudent manner for the weather conditions in the inside lane traveling eastbound on Arkansas Interstate 40 approximately .5 miles west of the 278 Mile Marker in West Memphis, Arkansas.

13.    Whirley was driving an eighteen wheeler tractor trailer owned by Diamond in the middle lane, and was also traveling eastbound on Arkansas Interstate 40 adjacent to the

3

vehicle being operated by McHone.

14.    A vehicle was stalled on the inside shoulder of Interstate 40 as Whirley and McHone approached from the west.   While approaching the stalled vehicle, Whirley negligently lost control of his vehicle which caused him to cross into McHone's lane of travel, striking the McHone vehicle in which Anderson was riding as a passenger.   The resulting impact initiated by Whirley caused the McHone vehicle to strike the stalled vehicle on the inside shoulder.

15.    The collisions described in paragraph 14 above proximately resulted in the injuries and damages described hereafter.

## COUNT I NEGLIGENCE

16.    Plaintiffs reassert each and every allegation contained in paragraphs 1-15 as though stated verbatim.

17.    Whirley breached his duty of care and was negligent in his operation of the Diamond vehicle.  Whirley negligently, carelessly, and without warning lost control of the vehicle he was driving, and crossed into McHone's lane of travel.

18.    Whirley's negligence included, but was not limited to:

(a) Failure to maintain a proper lookout;

(b) Failure to maintain control of his vehicle;

(c) Failure to keep his vehicle within his own lane of travel;

(d) Failure to yield the right of way to McHone;

4

(e) Driving too fast for conditions; and

(f) Failure to otherwise obey the rules of the road.

19.     Whirley's negligent operation of the Diamond vehicle in the manner set forth herein was the direct and proximate cause of serious personal injury to McHone and Anderson.

20.     As a result of Whirley's negligent operation of the Diamond vehicle, McHone and Anderson sustained serious physical injuries and related damages.

21.     As a proximate result of Whirley's negligent operation of the Diamond vehicle, McHone and Anderson have incurred medical expense in the past, and will continue to incur medical expense in the future, and have also experienced pain and suffering and mental anguish in the past, will experience pain and suffering and mental anguish in the future.

22.     As a proximate result of Whirley's negligent operation of the Diamond vehicle, McHone and Anderson sustained lost wages and loss of earning capacity, and will continue to suffer lost wages in the future.

23.     At all times relevant to the accident described herein, Whirley was the servant, agent or employee of Diamond and/or Mauney, and was acting in the course and scope of his agency or employment with Diamond and/or Mauney when the accident occurred.  The negligence of Whirley is imputed to Diamond and/or Mauney as a matter of law under the doctrine of *respondeat superior*.  In addition, by virtue of the subsequent administrative dissolution of Diamond, the negligence of Whirley is also imputed to Mauney in his capacity

5

as the sole shareholder, officer and director of Diamond when the accident occurred.

24.     At all times relevant to the accident described herein, Whirley was the servant, agent or employee of John Doe 1, John Doe 2, and John Doe 3, and was acting in the course and scope of his agency or employment with John Doe 1, John Doe 2, and John Doe 3 when the accident occurred. The negligence of Whirley is imputed to John Doe 1, John Doe 2, and John Doe 3 as a matter of law under the doctrine of *respondeat superior*.

25.     Plaintiffs pray that they recover damages and judgment from and against (a) Thomas A. Young, in his limited capacity as Special Administrator for the Whirley's Estate, (b) Diamond and, (c) Mauney, jointly and severally, for past and future pain and suffering, past and future medical expenses (including transportation, board and lodging) attributable to the accident, for past and future mental anguish, past and future lost wages, loss of earning capacity, scarring and disfigurement, as well as all other out-of-pocket costs and expenses associated with the above described injuries, as well as all other damages allowed by law.

26.     Plaintiffs should have and recover a judgment in an amount to be set by the jury in excess of the minimum amount required for federal court diversity from the defendants for the injuries and damages proximately caused by Whirley's negligence.

27.     PLAINTIFFS DEMAND A JURY TRIAL.

WHEREFORE, Plaintiffs pray that they be awarded a joint and several judgment against defendants for their medical expenses, both past and future, pain and suffering, both past and future, lost wages, past and future, loss of earning capacity, and other out of pocket

6

expenses in an amount in excess of that required for federal diversity jurisdiction, court costs,

and all other relief, legal or equitable, to which they may be entitled.

Respectfully Submitted,

**PARKER HURST & BURNETT PLC**
3000 Browns Lane
P.O. Box 1733
Jonesboro, AR 72403-1733
(870) 268-7600 Phone

By_____

Harry S. Hurst, Jr. (88116)
Donald L. Parker II (89120)
Attorneys for Plaintiffs

7

FILED

2011 DEC -1  PM 4: 00

RUTH TRENT COUNTY CLERK
CRITTENDEN COUNTY

IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS
PROBATE DIVISION

IN THE MATTER OF THE ESTATE OF
JESSIE D. WHIRLEY, DECEASED

No. PR-2011-274

## ORDER APPOINTING SPECIAL ADMINISTRATOR

On this __ day of December, 2011, comes on for hearing the petition of Thomas A. Young, for appointment of a special administrator of the estate of Jessie D. Whirley, deceased, and upon consideration of such petition, and the facts and evidence in support thereof, the Court finds:

1. That no demand for notice of proceedings for the appointment of an administrator or a personal representative of the estate has been filed herein, the petition is not opposed by any known person, and the same may be heard and decided forthwith.

2. That Jessie D. Whirley, who resided at 291 CR 209, Burnsville, Mississippi, died at Royse City, Texas, on December 19, 2008.

3. That this Court has jurisdiction and venue properly lies in this County.

4. That Thomas A. Young is a licensed attorney and is in good standing as a member of the Arkansas Bar, and as such is a proper person and fully qualified by law to serve as special administrator of the estate.

5. That there is no need for the Special Administrator to post a bond and the requirement of a fiduciary bond is excused.

6. That there is no need for the Special Administrator to file an inventory or prepare and file an accounting, and all requirements relating to an inventory and accounting under the Probate Code are hereby excused.

It is, therefore, CONSIDERED, ORDERED and ADJUDGED that administration of the estate be, and hereby is, opened and Thomas A. Young be, and hereby is appointed special administrator of the estate of the decedent, without bond, that all requirements under the Probate Code relating to an accounting and inventory are waived, and that Letters of Special Administration



EXHIBIT
"A"

shall be issued to the special administrator upon filing of Acceptance of Appointment.

CIRCUIT JUDGE

FILED

2011 DEC -1  PM 4: 00

IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS
PROBATE DIVISION

RUTH TRENT COUNTY CLERK
CRITTENDEN COUNTY

IN THE MATTER OF THE ESTATE OF
JESSIE D. WHIRLEY, DECEASED

No. PR-2011-274
BY

## LETTERS OF SPECIAL ADMINISTRATION

BE IT KNOWN:

That Thomas A. Young, whose address is 66 Mound City Road, Marion, Arkansas, having

been duly appointed Special Administrator of the Estate of Jessie D. Whirley, deceased, who died

on December 19, 2008, and having qualified as such Special Administrator, is hereby authorized to

act as such Special Administrator, for and in behalf of the estate and to accept service of and defend

any lawsuit filed against the estate in connection with a motor vehicle accident that occurred on

December 15, 2008 in Crittenden County, Arkansas, involving the decedent.

ISSUED the _1st_ day of December, 2011.

_____
Clerk

By _Paula Brown_
Deputy Clerk

(SEAL)

FILED

IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS 2011 DEC -1  PM 4: 00
PROBATE DIVISION

RUTH TRENT, COUNTY CLERK
CRITTENDEN COUNTY

IN THE MATTER OF THE ESTATE OF
JESSIE D. WHIRLEY, DECEASED

No. PR-2011-274

## ACCEPTANCE OF APPOINTMENT
## AS SPECIAL ADMINISTRATOR

The undersigned, Thomas A. Young, having been appointed Special Administrator of the
estate of Jessie D. Whirley, deceased, hereby accepts the appointment.

DATED this __1st__ day of December, 2011.

_____
Thomas A. Young

F I L E D

2011 DEC -1 PM 4 00

RUTH TRENT COUNTY CLERK
CRITTENDEN COUNTY

IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS
PROBATE DIVISION

IN THE MATTER OF THE ESTATE OF
JESSIE D. WHIRLEY, DECEASED

BY No. PR-2011-274

## PETITION FOR APPOINTMENT OF SPECIAL ADMINISTRATOR

Comes Thomas A. Young, whose address is 66 Mound City Road, Marion, Arkansas, praying that Letters of Special Administration on the estate of said decedent be issued. The facts, so far as they are known to or can reasonably be ascertained by petitioner, are:

a.      Decedent. The decedent, Jessie D. Whirley, aged 70, whose last known address was 291 CR 209, Burnsville, Mississippi, died at Royse City, Texas, on December 19, 2008.

b.      Surviving Spouse and Heirs. Upon information and belief as set forth in the obituary attached hereto as Exhibit A, the decedent left a surviving spouse, Joy Whirley, two sons, Phillip Whirley and Kevin Whirley, and one daughter, Pamela Whirley, all adults and all residing in Burnsville, Mississippi.

c.      Value of Estate. The probable value of the estate of the decedent is as follows:

Real Property                         $ Unknown

Personal Property                    $ Unknown

d.      Person to be Appointed. Petitioner nominates Thomas A. Young, whose address is 66 Mound City Road, Marion, Arkansas, for appointment as Special Administrator. The nominee is qualified to be so appointed because he is a licensed attorney and a member in good standing of the Arkansas Bar. Since the appointment of the Special Administrator is sought for the purpose of accepting service of process and defending a personal injury lawsuit, no fiduciary bond should be required to be posted by the Special Administrator.

e.    Need for Appointment of Special Administrator. Decedent was involved in a motor vehicle accident in Crittenden County, Arkansas, on December 15, 2008. The petitioner seeks to open an estate and to be appointed as the Special Administrator for the specific purpose of accepting service of process for and responding to a lawsuit on behalf of the estate against the decedent and his former employer, Diamond S. Express, Inc, arising out of injuries received in the accident which occurred on December 15, 2008.

f.    Waiver of Accounting and Inventory. Since this is probate is opened for the specific purpose of accepting service of process for and responding to a lawsuit on behalf of the estate in connection with certain personal injury claims, the requirement of a filing of an inventory by the Special Administrator pursuant to Ark. Code Ann. §28-49-110(c), and the requirements under the Probate Code relating to preparation of and filing an accounting should be excused.

WHEREFORE, petitioner prays this Court enter an Order determining the fact of the death and appointing the above nominee Special Administrator of the estate, to serve without bond, and the waiver of all requirements relating to the filing of an inventory and preparation of an accounting.



Thomas A. Young