IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | |
|---|---|
| **CHRISTIE MCHONE and** | |
| **ORANDE ANDERSON** | **PLAINTIFFS** |
| | |
| V.                           3:12CV0008 JMM | |
| | |
| **DIAMOND S EXPRESS, INC., et al** | **DEFENDANTS** |
| | |
| **STATE FARM MUTUAL AUTOMOBILE** | |
| **INSURANCE COMPANY** | **COUNTER CLAIMANT** |
| | |
| V. | |
| | |
| **CHRISTIE MCHONE** | **COUNTER DEFENDANT** |

## ORDER

On December 15, 2008, Plaintiff Christie McHone and Jessie Whirley were involved in a motor vehicle accident on Interstate 40 in West Memphis, Arkansas. McHone was driving a 2000 Pontiac Grand Prix and Whirley was driving a 1999 International Harvester diesel tractor-trailer. Plaintiff Orande Anderson was a passenger in McHone's vehicle at the time of the accident.

McHone, a Tennessee resident, owned the Grand Prix she was driving. The vehicle was insured by Defendant State Farm Mutual Automobile Insurance Company ("State Farm"). The State Farm policy included coverage for uninsured motor vehicles with bodily injury limits of $100,000 for each person. The truck which Whirley was driving was owned by Diamond S. Express, Inc. and insured by Gramercy Insurance Company ("Gramercy") with a limit of $1,000,000. Whirley, a resident of Mississippi, was found to be at fault in the accident. Mr. Whirley died four days after the accident. Ms. McHone sustained permanent bodily injury from the accident.

On December 7, 2011, Plaintiffs filed suit against Defendants Diamond S. Express, Inc., M.C. Mauney, individually and in his capacity as sole shareholder, officer and director of Diamond S. Express, Inc., Thomas A. Young, as Special Administrator for the Estate of Jessie D. Whirley, Deceased, and John Does 1, 2, and 3 in the Circuit Court of Crittenden County, Arkansas (the "McHone case"). The Defendants removed the McHone case to this Court on January 10, 2012 based upon diversity of citizenship, 28 U.S.C. § 1332.

On December 4, 2012, a delinquency proceeding was initiated by the Texas Insurance Commission against Gramercy Insurance Company. Upon commencement of these proceedings, the District Court of Travis County, Texas, enjoined Gramercy from engaging in future insurance related activities, appointed a rehabilitator, seized all assets of Gramercy, enjoined claimants from pursuing or enforcing claims or judgments and authorized the rehabilitator to disregard obligations contained in insurance policies issued by Gramercy. (Order of Court, ECF No. 56 at p. 36). A stay was ordered in the McHone case on December 19, 2012.

On March 4, 2013, Ms. McHone's counsel notified State Farm of the potential for an uninsured motorist claim. McHone's counsel also notified State Farm of a tentative settlement agreement between McHone and Anderson and the Gramercy rehabilitator on behalf of the Gramercy insureds. State Farm consented to allow Plaintiffs to proceed with their settlement. McHone and Anderson settled with, and released, all Gramercy insureds on March 7, 2013 for the sum of $300,000.

On March 14, 2013, State Farm notified McHone that no uninsured motorist benefit was payable as a result of the loss. Plaintiffs subsequently amended their Complaint to add State Farm as a defendant. State Farm filed a counterclaim against and a motion for summary

judgment of all claims against it.

    I.    <u>Standard for Summary Judgment</u>

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56. The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there is a need for trial -- whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979). The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th

Cir. 1988) (citations omitted)(brackets in original)).  Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.  *Anderson*, 477 U.S. at 248.

    II.    <u>Discussion of the Law</u>

In this case, the Court must apply the choice-of-law rules of Arkansas.  *U.S. Fire Insurance Company v. Kresser Motor Service, Inc*., 26 F.3d 91, 94 (8th Cir. 1994).  In Arkansas, "[c]hoice-of-law questions regarding insurance coverage have traditionally been resolved by applying the law of the state where the insurance contract was made (the *lex loci contractus* rule)." *Southern Farm Bureau Cas. Ins. Co. v. Craven,* 89 S.W.3d 369, 372 (Ark. App. 2002) (citing Robert A. Leflar, Luther McDougal, & Robert Felix, American Conflicts Law § 153 (4th ed.1986); Restatement (Second) Conflict of Laws § 193 (1971); *John Hancock Mut. Life Ins. Co. v. Ramey*, 140 S.W.2d 701 (Ark. 1940) (holding that the rights and liabilities of the parties to an insurance contract should be determined with regard to the law of the state where the contract was made)).  Arkansas courts may also consider the significant contacts test in determining choice of law questions.  "The contacts to be taken into account include (1) the place of contracting; (2) the place of negotiation of the contract; (3) the place of performance; (4) the location of the subject matter of the contract; and (5) the domicile, residence, nationality, place of incorporation and place of business of the parties." *Craven*, 89 S.W.3d at 372 (citing Restatement (Second) Conflict of Laws § 188 (1971)).  McHone's auto insurance contract was made, negotiated, and performed in Tennessee and McHone was also a resident of Tennessee.  Pursuant to either test, the Court finds that the law of Tennessee is applicable to this case.

At issue is whether Plaintiff Christie McHone is entitled to recover uninsured motorist

benefits in the amount of $100,000 from State Farm pursuant to her insurance policy.  Under the policy, uninsured motor vehicle coverage applies if at the time of an accident the "insuring company is or becomes insolvent."  (Policy, ECF No. 43-1 at p. 16).  Plaintiff claims that Gramercy was insolvent and the Gramercy policy ceased to exist on December 4, 2012 upon commencement of receivership.  Therefore, Plaintiff claims she was entitled to uninsured motorist coverage on that date.

The Court finds it unnecessary to determine when Gramercy became insolvent for purposes of the insurance policy.  Based upon the application of Tennessee's uninsured motorist statutes, even if Gramercy was insolvent on December 4, 2012 and State Farm is liable to McHone for $100,000 in uninsured motorist benefits, State Farm is entitled to a credit for the settlement proceeds which McHone received from Gramercy's receiver on behalf of Gramercy and its insureds.  *See* Tenn. Code Ann. § 56-7-1201 *et seq*; *Green v Johnson*, 249 S.W.3d 313 (Tenn. 2008) (holding that settlement proceeds may be offset against the limits of an uninsured motorist policy); *Poper v.* Rollins, 90 S.W.3d 682 (Tenn. 2002) (same); *Lowe v. State Farm Mutl Ins. Co.*, 463 F.Appx. 408 (5th Cir. 2012) (Under Tennessee statute, insured could not recover from uninsured motorist insurer where settlement proceeds from tortfeasor exceeded policy limits).  In other words, State Farm is entitled to a credit of $300,000 based upon McHone's settlement which exceeds the $100,000 uninsured motorist policy limits of her insurance policy. Therefore, State Farm is not liable to Plaintiff McHone.

For this reason, Defendant's Motion for Summary Judgment (ECF No. 55) is GRANTED.  Plaintiff's Counter-Motion for Summary Judgment (ECF No. 60) is DENIED. Plaintiffs are directed to file a status report on or before April 18, 2014 advising the Court as to

which, if any, claims are remaining in the case.

    IT IS SO ORDERED this 14th day of April, 2014.

                                                                James M. Moody Jr.
                                                                United States District Judge